IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **PAUL DAVID WARD,** [DOB: 1/19/1956] Defendant. | No. 17-04058-01-CR-C-SRB **COUNT 1** 18 U.S.C. § 1343 NMT 20 Years Imprisonment NMT $250,000 Fine NMT 3 Years Supervised Release Class C Felony **FORFEITURE ALLEGATION** 18 U.S.C. § 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c) Criminal Forfeiture Mandatory Restitution $100 Special Assessment (Count 1) |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## Introduction and Background

At all times relevant to this Indictment:

1. Between January 1, 2011, and August 22, 2016, the defendant, **PAUL DAVID WARD**, devised and executed a scheme to defraud individuals of at least $707,720.63. **WARD** falsely and fraudulently claimed he would use the solicited investment in his business, Lebanon Aviation Service, Inc., when in truth and fact as he then well knew, **WARD** used the solicited investments for personal expenses and to make Ponzi-style payments to previous investors.

2. Lebanon Aviation Service, Inc. was a Fixed Base Operation (FBO) located at the airport in Lebanon, Laclede County, Missouri, that provided services to the users of the airport, including the sale of aviation fuel, through a contract with the City of Lebanon. **WARD** was the President and had sole control over the affairs of Lebanon Aviation Services, Inc. **WARD** lived

in Camdenton, Camden County, Missouri. Both locations were in the Western District of Missouri.

3. **WARD** purchased aviation fuel for his business from Avfuel Corporation (Avfuel) located in Ann Arbor, Michigan. Generally, **WARD** sold fuel at the Lebanon airport for between $1.50 to $2.50 per gallon above his purchase price. Between January 1, 2011, and October 31, 2014, **WARD** purchased approximately $150,071.76 of aviation fuel from Avfuel. In October 2014, **WARD** surrendered his contract with the City of Lebanon to sell aviation fuel at the airport. At that time, **WARD** was suffering monthly losses of $6,000 or greater.

### The Scheme

4. Between January 1, 2011, and August 22, 2016, **WARD** devised and intended to devise a scheme to defraud friends and associates, and to obtain money from them by means of materially false and fraudulent pretenses, representations and promises.

### Manner and Means

5. **WARD** solicited his friends and associates to invest in Lebanon Aviation Services, Inc. At various times, **WARD** falsely claimed that he needed additional capital to purchase aviation fuel, needed capital to purchase pleasure boats for resale, and that he needed capital for undisclosed purposes. **WARD** continued to solicit investments after Lebanon Aviation Services, Inc. was dissolved by the Missouri Secretary of State in January 2015.

6. In some cases, **WARD** drafted and signed promissory notes (a security) for an investor. These notes stated that in return for an investment, **WARD** would pay the investor the principal plus interest within a specified period of time.

7. At the time of the investment, **WARD** provided the investor with a post-dated bank check in the amount of the principal plus interest. In most cases, when the investment became

due and payable, the investor deposited the post-dated check, but the check was returned for insufficient funds.

8. When an investor complained to **WARD** about the returned check, **WARD** falsely stated a reason for the returned check and provided a series of false excuses for the failure to pay to lull the investor and gain more time to repay the investor.

9. **WARD** generally attempted to repay investors who threatened to tell **WARD**'s wife about his failure to repay the investment.

10. When **WARD**'s attempts to stall an investor failed, he solicited additional investments for the purpose of paying off a previous investor.

11. **WARD** did not use the solicited investments to purchase aviation fuel. **WARD** used the solicited funds to pay personal expenses and to payoff previous investors.

12. In total, **WARD** defrauded approximately 25 investors located in Camden, Laclede and Cole Counties in the Western District of Missouri of approximately $264,720.63.

### COUNT 1
(Wire Fraud)
18 U.S.C. § 1343

13. The factual allegations in paragraphs 1 through 12 of this Indictment are incorporated herein by reference as if fully set forth.

14. On or about August 12, 2015, in Camden County, in the Western District of Missouri, and elsewhere, the defendant, **PAUL DAVID WARD**, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds that transferred $32,000 by wire from **WARD**'s Central Bank account number ending in 3221 to an Alpine Glenwood Springs Bank account number ending in 9571, in Glenwood Springs, Colorado.

3

15. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
### 18 U.S.C. § 982 and 28 U.S.C. § 2461(c)

16. The allegations of Count 1 of this Indictment are alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of property, in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

17. Upon conviction of the offense alleged in Count 1 of this Indictment, the defendant, **PAUL DAVID WARD**, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count 1, all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

18. A sum of money equal to $264,720.63 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count 1.

### Substitute Assets

19. In the event that the property which is subject to forfeiture to the United States, as a result of an act or omission of the Defendant:

    a. Cannot be located upon exercise of due diligence;

    b. has been placed beyond the jurisdiction of the Court;

    c. has been transferred or sold to, or deposited with a third party;

    d. has been substantially diminished in value; or,

    e. has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

## A TRUE BILL.

*/S/ Adrian Robinson*
**FOREPERSON OF THE GRAND JURY**

*/S/ Ashley S. Turner*
**ASHLEY S. TURNER**
Assistant United States Attorney
Missouri Bar No. 62314

Dated: 8/9/2017